Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
**DONIGER/BURROUGHS**
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PAUL LEONARD, an individual; | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | Jury Trial Demanded |
| LIPOADVISOR.COM, a business entity of form unknown; and DOES 1 through 10, | |
| Defendants. | |

ANDREW PAUL LEONARD, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff ANDREW PAUL LEONARD is an individual residing in the State of New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant LIPOADVISOR.COM ("LIPOADVISOR") is a business entity of form unknown with its primary place of business located at 1417 Westwood Boulevard, Los Angeles, CA 90024.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPH

8. Plaintiff owns an original two-dimensional image entitled "Scanning electron Microscopy of Human Bone Marrow Stem Cells 1" ("Subject Photograph") that was registered with the United States Copyright Office on December 20, 2007. Plaintiff is the sole owner of the exclusive rights in Subject Photograph.

9. Prior to the acts complained of herein, Plaintiff began displaying a portfolio of images on the website www.aplmicro.com, which contains the following language: "No images or graphics on this web site may be used without permission in writing. To obtain usage rights please contacting Andrew Paul Leonard."

10. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Image, LIPOADVISOR, DOE Defendants, and each of them displayed and/or embedded on a website (URL: http://www.lipoadvisor.com/adult-stem-cells-gathered-by-liposuction-to-heal-joints/).

11. Images of the Subject Image and screen captures of Defendant's website with the Subject Image embedded are set forth hereinbelow:

### Subject Photograph



**Screen Capture**



**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

12. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Photograph, including, without limitation, through (a) the licensing agreement entered into between Plaintiff and Defendants; and (b) through Plaintiff's website and social media accounts.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by exceeding the terms of the license by

impermissibly posting the Subject Photograph in an altered form and failing to attribute the Subject Photograph to Plaintiff in the Infringing Post.

15. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

16. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Photograph in an amount to be established at trial.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

  e. That Plaintiff be awarded the costs of this action; and

  f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 26, 2017        DONIGER/BURROUGHS

          By:   /s/ Stephen M. Doniger
             Stephen M. Doniger, Esq.
             Howard S. Han, Esq.
             Attorneys for Plaintiff